ZINTER, Justice
(concurring specially).
[¶ 29.] I agree there is a genuine issue of disputed fact whether Dr. Gul was terminated on April 27, 2005, before she received her contractual right to a hearing. See supra ¶ 14. Defendants admitted the point at oral argument when they conceded that at a minimum there was “confusion” over the matter. This Court notes that this dispute of fact was not material because Dr. Gul was paid for the balance of her contract. Id. n. 6. I write to address Dr. Gul’s additional contention that the dispute of fact regarding termination was material to her claim for consequential damages.
[¶ 30.] Dr. Gul is mistaken because she sued in contract rather than tort, and therefore, she was not entitled to the consequential damages she claimed (collateral damages arising after her contract ended). Damages for breach of a definite term employment contract are generally limited to the lost wages that would have been earned until the end of the contract. Bad Wound v. Lakota Cmty. Homes, Inc., 1999 SD 165, ¶ 11, 603 N.W.2d 723, 726. Although Dr. Gul’s claimed consequential damages may have been recoverable in tort, they were not recoverable in her suit for breach of contract. See id. ¶¶ 11-13, 603 N.W.2d at 726. Therefore, the dispute of fact regarding termination was not material to the issue of consequential damages.